124 T.C. No. 13

UNITED STATES TAX COURT

PATRICIA M. FRIDAY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6325-04.                    Filed May 12, 2005.

P filed a petition seeking relief from joint and several tax liability under sec. 6015, I.R.C., and R moved for summary judgment. R then moved to withdraw his summary judgment motion. The Court granted the motion to withdraw. R also moved the Court to "remand" this matter to R's office that specializes in sec. 6015, I.R.C., cases for further consideration by R before any further consideration by the Court.

<u>Held</u>: R's motion for remand will be denied.

<u>Held further</u>: This case will be returned to the general docket for trial in due course.

Warren N. Nemiroff, for petitioner.

Valerie L. Makarewicz, for respondent.

OPINION

GERBER, Chief Judge:[1]  Respondent issued a notice of determination to petitioner denying her request for relief under section 6015[2] and specifically finding that she was ineligible for relief under section 6015(b), (c), or (f).  Petitioner filed a petition with this Court seeking relief from joint and several liability.  On October 12, 2004, respondent filed a motion for summary judgment.

At the hearing, relying on our holding in McGee v. Commissioner, 123 T.C. 314 (2004), respondent moved to withdraw his summary judgment motion, and the Court granted respondent's motion to withdraw.  Concurrent with respondent's motion to withdraw, respondent filed a motion for remand, which the Court took under advisement.  The motion for remand requests the Court to remand the case to respondent's Cincinnati Centralized Innocent Spouse Operation Unit for consideration of petitioner's claim for relief, under section 6015, from a 1995 tax liability.

---

[1] This case was reassigned from Special Trial Judge Dean to Chief Judge Gerber by an order dated Mar. 10, 2005.

[2] Unless otherwise indicated, section references are to sections of the Internal Revenue Code, as amended.

Respondent contends that this case should be remanded because he did not sufficiently analyze the merits of petitioner's claim under section 6015(f).  In support of his request, respondent relies on Natl. Nutritional Foods Association v. Weinberger, 512 F.2d 688, 701 (2d Cir. 1975), Camp v. Pitts, 411 U.S. 138, 143 (1973), and Asarco, Inc. v. EPA, 616 F.2d 1153, 1160 (9th Cir. 1980).  Those cases, however, are examples where courts, in reviewing administrative action, remanded for further factual determinations that were deemed necessary to complete an inadequate administrative record or to make an adequate one.

In certain specific cases where statutory provisions reserve jurisdiction to the Commissioner, a case can also be remanded to the Commissioner's Appeals Office.  Under sections 6320(c) and 6330(d)(1), this Court may consider certain collection actions taken or proposed by the Commissioner's Appeals Office.  Under paragraph (2) of section 6330(d), the Commissioner's Appeals Office retains jurisdiction with respect to the determination made under section 6330.  As part of the process, a case may be remanded to the Appeals Office for further consideration.  See, e.g., Parker v. Commissioner, T.C. Memo. 2004-226.

The situation is different, however, in a section 6015 proceeding, which is sometimes referred to as a "stand alone"

case.  Although entitled "Petition for Review by Tax Court",[3] section 6015(e) gives jurisdiction to the Court "to determine the appropriate relief available to the individual under this section".  The right to petition is "In addition to any other remedy provided by law" and is conditioned upon meeting the time constraints prescribed in section 6015(e)(1)(A)(i) and (ii).  Even if the Commissioner fails to do anything for 6 months following the filing of an election for relief (where there is nothing to "review"), the individual may bring an action in this Court.  See sec. 6015(b), (e)(1)(A)(i)(II).  A petition for a decision as to whether relief is appropriate under section 6015 is generally[4] not a "review" of the Commissioner's determination in a hearing but is instead an action begun in this Court.  There is in section 6015 no analog to section 6330 granting the Court jurisdiction after a hearing at the Commissioner's Appeals Office.

Now that respondent's motion to withdraw his motion for summary judgment has been granted, the case will be returned to

---

[3] Where statutory text is complicated and prolific, headings and titles can do no more than indicate the provisions in a most general manner.  Bhd. of R.R. Trainmen v. Baltimore & O.R. Co., 331 U.S. 519, 528-529 (1947).

[4] We note that in our consideration of a request for relief under sec. 6015(f), the standard for "review" is abuse of discretion.  See Hopkins v. Commissioner, 121 T.C. 73 (2003); Cheshire v. Commissioner, 115 T.C. 183, 197-198 (2000), affd. 282 F.3d 326 (5th Cir. 2002).

the Court's general docket for trial in due course. If respondent wishes to reconsider his determination or to provide petitioner with the opportunity for further consideration, that may be accomplished during the pretrial period. If the amount of time before trial is insufficient to accomplish further administrative consideration, the parties may seek additional time by motion or other appropriate means.

Accordingly, respondent's motion for remand will be denied.

<u>An appropriate order</u>

<u>will be issued</u>.