152 T.C. No. 10

UNITED STATES TAX COURT

WHISTLEBLOWER 769-16W, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 769-16W.            Filed April 11, 2019.

R's Whistleblower Office denied P's whistleblower award claim under I.R.C. sec. 7623(b). After P filed a petition challenging R's decision, R filed a motion to remand this case to the Whistleblower Office for further consideration. P objects to the granting of R's motion.

<u>Held</u>: In appropriate circumstances this Court may remand a whistleblower case to the Whistleblower Office.

<u>Held</u>, <u>further</u>, because (1) R has identified substantial and legitimate concerns that support a remand, (2) remand will conserve the Court's and the parties' time and resources, and (3) P will not be unduly prejudiced, R's motion to remand will be granted.

Sealed, for petitioner.

Kevin G. Gillin, Patricia P. Davis, Ashley M. Bender, David K. Barnes, and John T. Arthur, for respondent.

OPINION

THORNTON, Judge: This whistleblower action was commenced pursuant to section 7623(b)(4).[1] Along with the petition, petitioner filed a motion to seal the record and to proceed anonymously pursuant to Rule 345(a). We temporarily sealed the record pending resolution by the Court of the motion, and this case remains under temporary seal.

This case is presently before us on respondent's motion to remand this case to the Internal Revenue Service's (IRS) Whistleblower Office for further consideration.[2] Petitioner objects to our granting the motion. For the reasons stated, we will grant the motion.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Also pending before the Court is petitioner's motion to compel production of documents, which has been held in abeyance pending the resolution of respondent's motion to remand.

## Background

The following facts are drawn from the parties' pleadings, motion papers, and the declarations and exhibits attached thereto. These facts are stated solely for the purpose of ruling on respondent's motion to remand.

On or about July 12, 2010, the Whistleblower Office received from petitioner a Form 211, Application for Award for Original Information (initial Form 211). On the initial Form 211 petitioner identified three taxpayers and "possibly other[s]" as the subjects of the claim for a whistleblower award. In a cover letter to the initial Form 211 petitioner explained the tax-avoidance scheme allegedly perpetrated by these three taxpayers and stated that the scheme was also possibly used by several other taxpayers "which I may not know about."

In response to petitioner's initial Form 211, the Whistleblower Office assigned three claim numbers (2010-000914, 2010-008178, and 2010-008180), one for each taxpayer named in the initial Form 211.

The Whistleblower Office subsequently received from petitioner three additional Forms 211 dated variously August 15 and November 25, 2010, and February 20, 2011 (supplemental Forms 211), each addressing the same tax-avoidance scheme and listing collectively seven taxpayers, including the three taxpayers identified in the initial Form 211. The Whistleblower Office treated

these subsequent submissions as supplements to the original claim but did not assign any additional claim numbers.

On March 3, 2011, a Whistleblower Office analyst referred petitioner's information to the IRS Large Business and International (LB&I) Division. On November 10, 2011, a Whistleblower Office analyst and three LB&I personnel interviewed petitioner regarding the whistleblower submissions. LB&I concluded that when petitioner submitted the initial Form 211 and supplemental Forms 211 the IRS was already aware of the tax-avoidance scheme and that the primary taxpayer and related taxpayers were already under examination.

In early 2012 petitioner contacted a congressional committee responsible for investigations and provided it with information similar to that contained in the initial Form 211 and supplemental Forms 211. Thereafter, petitioner continued to provide information to and work with the committee.

On July 30, 2012, a Form 11369, Confidential Evaluation Report on Claim for Award, was returned to the Whistleblower Office from LB&I indicating that the information provided by petitioner was either "dated or unsubstantiated."

In 2014 the congressional committee issued a report detailing the tax-avoidance scheme (congressional committee report). On August 14, 2014, petitioner sent to the Whistleblower Office additional Forms 211 identifying

additional taxpayers as part of the tax-avoidance scheme and including a copy of the congressional committee report. No additional claim numbers were assigned to these submissions, and the information was not forwarded to any IRS operating divisions because LB&I had already declined to pursue the information petitioner had provided in the initial Form 211 and supplemental Forms 211.

On December 9, 2015, the Whistleblower Office issued a final determination denying petitioner's claim for a whistleblower award with respect to the initial Form 211 and supplemental Forms 211 and the August 14, 2014, submissions. The final determination indicates that it relates to claim numbers 2010-000914, 2010-008178, and 2010-008180 and states:

> The claim has been denied because the IRS identified the issue prior to receipt of your information and your information did not contribute to the actions taken by the IRS. The issue you identified was already in the IRS audit plan for the taxpayer, information document requests had been issued, and there were no changes in the IRS approach to the issue after review of the information you provided.

Petitioner timely petitioned this Court. After filing his answer, respondent filed a motion for summary judgment. In objecting to the granting of respondent's motion, petitioner asserted that the Whistleblower Office had failed to access or review documents necessary for an adequate investigation and that there were genuine disputes of fact as to whether petitioner had brought certain information

to the IRS' attention. Respondent then filed (and the Court granted) a motion to withdraw his motion for summary judgment. Respondent concurrently filed a motion to remand this case to the Whistleblower Office for further consideration of petitioner's assertions. In these motions respondent acknowledged that the administrative record is incomplete and that the Whistleblower Office had not considered (1) whether the congressional committee report might have included petitioner's whistleblower information and (2) whether the IRS might have proceeded on the basis of information petitioner brought to the Secretary's attention as part of the congressional committee report.

Objecting to the granting of respondent's motion to remand, petitioner contends, among other things, that the IRS has already had several years to review his claim and that this case should be resolved by trial under the Court's supervision.

## Discussion

Section 7623(b) provides for whistleblower awards if certain requirements are met. A whistleblower award under section 7623(b) generally depends on the Commissioner's (1) commencing an administrative or judicial action and (2) collecting proceeds. See Cohen v. Commissioner, 139 T.C. 299, 302 (2012), aff'd, 550 F. App'x 10 (D.C. Cir. 2014); Cooper v. Commissioner, 136 T.C. 597,

600 (2011). Any whistleblower award determination under section 7623(b) may, within 30 days of the determination, "be appealed to the Tax Court (and the Tax Court shall have jurisdiction with respect to such matter)." Sec. 7623(b)(4).

This Court has not previously decided whether it can appropriately remand a whistleblower case to the Whistleblower Office for further consideration. Section 7623(b) does not expressly authorize or preclude remand. In this regard section 7623(b) resembles section 6330, which governs collection due process (CDP) cases and is similarly silent about this Court's remand authority. Notwithstanding this statutory silence, this Court has remanded CDP cases in a variety of circumstances. For instance, this Court has remanded CDP cases upon finding that (1) the Appeals officer did not develop the record sufficiently for us to properly review it, see Hoyle v. Commissioner, 131 T.C. 197, 204-205 (2008), supplemented by 136 T.C. 463 (2011); (2) the IRS failed to comply with the statutory mandate to permit the taxpayer to make an audio recording of his CDP hearing, see Keene v. Commissioner, 121 T.C. 8 (2003); (3) there had been a change in the taxpayer's circumstances, see Churchill v. Commissioner, T.C. Memo. 2011-182; (4) the Appeals officer abused his discretion, see Med. Practice Sols., LLC v. Commissioner, T.C. Memo. 2009-214, supplemented by T.C. Memo. 2010-98; or (5) there was an intervening change in the law, see Harrell v.

Commissioner, T.C. Memo. 2003-271, supplemented by T.C. Memo. 2003-312. But see Lunsford v. Commissioner, 117 T.C. 183, 189 (2001) (declining to remand a CDP case where it was not "necessary or productive"). This Court retains jurisdiction of remanded CDP proceedings.[3]

By contrast, this Court has declined to remand a so-called stand alone proceeding under section 6015 for spousal relief from joint and several liability. See Friday v. Commissioner, 124 T.C. 220, 221-222 (2005). In reaching this result we looked to the text of section 6015(e), which gives this Court jurisdiction to "determine the appropriate relief available to the individual under this section", sec. 6015(e)(1)(A); we also observed that in certain circumstances section 6015 permits an individual to bring an action in this Court even in the absence of any administrative hearing. We concluded that "[a] petition for a decision as to whether relief is appropriate under section 6015 is generally not a 'review' of the

---

[3]As we stated in Wadleigh v. Commissioner, 134 T.C. 280, 299 (2010):

We may under certain circumstances remand a case to the Commissioner's Appeals Office while retaining jurisdiction. The resulting section 6330 hearing on remand provides the parties with an opportunity to complete the initial section 6330 hearing while preserving the taxpayer's right to receive judicial review of the ultimate administrative determination. * * * [Citations omitted.]

Commissioner's determination in a hearing but is instead an action begun in this Court." Friday v. Commissioner, 124 T.C. at 222 (fn. ref. omitted).

In Friday we contrasted the statutory provisions governing CDP proceedings and those governing section 6015 proceedings. We noted in dicta that we can remand to an agency "where statutory provisions reserve jurisdiction to the Commissioner", citing section 6330(d)(2), which provides that the Commissioner's Appeals Office retains jurisdiction with respect to a determination made under section 6330. Friday v. Commissioner, 124 T.C. at 221. Subsequently, citing Friday and holding that cases brought in this Court under section 6015(f) are subject to a de novo standard of review as well as a de novo scope of review, we pointed to the absence in section 6015 of any analog to section 6330(d)(2) as being "consistent" with de novo review under section 6015(f). Porter v. Commissioner, 132 T.C. 203, 209-210 (2009); cf. Administrative Procedure Act, 5 U.S.C. sec. 706(2)(F) (2018) (recognizing an exception to the ordinary remand rule where "the facts are subject to trial de novo by the reviewing court").

Like section 6015, section 7623(b) contains no analog to section 6330(d)(2) expressly reserving jurisdiction to the IRS. We do not believe, however, that this consideration is determinative with regard to this Court's authority to remand

whistleblower cases.  Fundamental to the Court's reasoning in <u>Friday</u> and <u>Porter</u> was the perceived incompatibility of remand procedures with de novo review of spousal relief cases under section 6015.  Under our recent holding in <u>Kasper v. Commissioner</u>, 150 T.C. 8, 20 (2018), that concern is not present.

In <u>Kasper</u>, applying the default rules for judicial review of agency action under the Administrative Procedure Act, 5 U.S.C. secs. 551-559, 701-706 (2006), we held that the scope of our review of whistleblower award determinations is properly limited to the administrative record and that the applicable standard of review is for abuse of discretion.  <u>Kasper v. Commissioner</u>, 150 T.C. at 20, 22.  In reaching this holding we carefully considered the text and operation of sections 6015 and 6330, finding in them no evidence of any implied scope of review under section 7623(b) that should cause us to depart from the default rule of the Administrative Procedure Act limiting "review of an agency decision * * * to the administrative record."  <u>Kasper v. Commissioner</u>, 150 T.C. at 14-15 (quoting <u>Wilson v. Commissioner</u>, 705 F.3d 980, 991 (9th Cir. 2013), <u>aff'g</u> T.C. Memo. 2010-134).  We also held in <u>Kasper v. Commissioner</u>, 150 T.C. at 23-24, that in reviewing whistleblower award determinations we will follow the <u>Chenery</u> doctrine, <u>see</u> <u>SEC v. Chenery Corp.</u>, 332 U.S. 194, 196 (1947); <u>SEC v. Chenery Corp.</u>, 318 U.S. 80 (1943), so as to judge the propriety of the Whistleblower

Office's determination solely on the grounds it actually relied on in making its determination.

Consequently, in reviewing a whistleblower award determination for abuse of discretion we do not substitute our judgment for the Whistleblower Office's but rather decide "whether the agency's decision was 'based on an erroneous view of the law or a clearly erroneous assessment of the facts.'" Kasper v. Commissioner, 150 T.C. at 23 (quoting Fargo v. Commissioner, 447 F.3d 706, 709 (9th Cir. 2006), aff'g T.C. Memo. 2004-13). "[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." Camp v. Pitts, 411 U.S. 138, 142 (1973).

> If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. * * *

Fla. Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985); see also County of Los Angeles v. Shalala, 192 F.3d 1005, 1023 (D.C. Cir. 1999). The validity of the agency determination "must, therefore, stand or fall on the propriety of that" determination, and if it "is not sustainable on the administrative record", then the

matter must be remanded for further consideration.  <u>Camp</u>, 411 U.S. at 143; <u>see</u> <u>also</u> <u>Chenery Corp.</u>, 318 U.S. at 94-95.

Consistent with our holding in <u>Kasper</u>, application of this ordinary remand rule means that in appropriate circumstances this Court may remand a whistleblower case to the Whistleblower Office for further consideration.

The Court of Appeals for the District of Columbia, to which any appeal of this case would ordinarily lie, <u>see</u> sec. 7482(b)(1) (flush language), has recently reiterated that a reviewing court has "broad discretion to grant or deny an agency's motion to remand", <u>Util. Solid Waste Activities Grp. v. EPA</u>, 901 F.3d 414, 436 (D.C. Cir. 2018) (citing <u>Limnia, Inc. v. U.S. Dep't of Energy</u>, 857 F.3d 379, 386 (D.C. Cir. 2017)).  The court went on to explain the manner in which this discretion should be exercised:

> We generally grant an agency's motion to remand so long as "the agency intends to take further action with respect to the original agency decision on review."  Remand has the benefit of allowing "agencies to cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete."  Remand may also be appropriate if the agency's motion is made in response to "intervening events outside of the agency's control, for example, a new legal decision or the passage of new legislation."  Alternatively, "even if there are no intervening events, the agency may request a remand (without confessing error) in order to reconsider its previous position."

In deciding a motion to remand, we consider whether remand would unduly prejudice the non-moving party. Additionally, if the agency's request appears to be frivolous or made in bad faith, it is appropriate to deny remand. [Id.; citations omitted.]

These considerations support the granting of respondent's motion to remand. As respondent explains in support of his motion, the administrative record upon which the Whistleblower Office based its determination is incomplete; the Whistleblower Office determination and the administrative record supporting it do not address (1) whether the congressional committee report included petitioner's whistleblower information and (2) whether the IRS used the information in that report to commence or expand an administrative or judicial action and collected tax proceeds as a result of that action. Although it is true, as petitioner observes, that respondent does not promise that this additional investigation by the Whistleblower Office will necessarily result in a different determination, we see no basis to conclude that respondent's request for remand is frivolous or made in bad faith. To the contrary, respondent states: "If the Whistleblower Office discovers facts that support petitioner's assertions, then the Whistleblower Office must act accordingly, pursuant to section 7623(b)."

Petitioner agrees that the Whistleblower Office failed to consider whether the congressional committee report included petitioner's information and whether

that information was used to commence or expand administrative or judicial actions that resulted in collected proceeds. In fact petitioner contends that these lapses were so egregious as to constitute an abuse of discretion. But even if we were to agree with petitioner that the Whistleblower Office abused its discretion in this regard, the likely remedy would be remand to the Whistleblower Office for reconsideration. See, e.g., Fla. Power & Light Co., 470 U.S. at 744 (stating that if an agency has failed to consider all relevant factors, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). Granting respondent's motion to remand will serve the interest of allowing the Whistleblower Office to correct its own potential mistakes rather than needlessly wasting the parties' and the Court's resources. See Ethyl Corp. v. Browner, 989 F.2d 522, 524 (D.C. Cir. 1993).

In support of his motion to remand respondent also asserts that before making any award determination with respect to petitioner's claim, "the Whistleblower Office would need to consider the impact of other pending claims that relate to the same issue identified by petitioner but predate petitioner's claim[]." Petitioner contends that this statement demonstrates "good reason why the Court should retain supervision of this case and monitor such apportionment." The question of the proper apportionment of any award, however, is a matter that

would not arise unless and until it were first determined that petitioner is in fact entitled to some award and that some other claimant or claimants--not presently parties to this proceeding--are also entitled to some award. These determinations are all properly made by the Whistleblower Office in the first instance.

Moreover, the granting of respondent's motion for remand does not mean the end of judicial supervision. This Court will retain jurisdiction to preserve petitioner's right to receive judicial review of the ultimate administrative determination.

Petitioner contends that remand will result in prejudice because it will prevent "immediate payment of the money to which * * * [petitioner] is entitled." As a practical matter, however, even if we were to deny respondent's motion for remand, there would be no "immediate payment" of a whistleblower award; any award would have to await resolution of proceedings in this forum, which might well involve a trial, posttrial briefing, and possibly an appeal. And as previously noted, even if, after conducting further proceedings in this forum, we ultimately concluded that respondent had abused his discretion in denying petitioner's claim for an award, the ultimate remedy might well require a remand to the Whistleblower Office in any event. Granting respondent's motion for remand will simply return this case to the Whistleblower Office sooner than would occur in

that scenario. Should this matter be resolved as a consequence of a remand, the parties' and the Court's resources will be greatly conserved. See Ethyl Corp., 989 F.2d at 524 (stating that courts "prefer[] to allow agencies to cure their own mistakes rather than wast[e] the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete"). But even if this case is not resolved upon remand and additional time passes before petitioner receives judicial review of respondent's ultimate determination, we believe that any such delay is warranted inasmuch as completing the administrative process should facilitate more focused judicial review. See Bayshore Cmty. Hosp. v. Azar, 325 F. Supp. 3d 18, 24 (D.D.C. 2018).

In Kasper v. Commissioner, 150 T.C. at 21, we stated that we will allow the administrative record to be supplemented in a whistleblower case pursuant to certain recognized exceptions to the record rule. Pending before the Court is petitioner's motion to compel, seeking documents that petitioner says come within such exceptions to the record rule. Petitioner urges that rather than grant respondent's motion to remand, we should grant petitioner's motion to compel production of documents. It would appear, however, that petitioner's request for discovery is to some extent cumulative of the record supplementation that we contemplate will occur upon remand. There is no reason to order the requested

discovery at the same time that the case is being remanded for reconsideration and to supplement the administrative record. Petitioner's motion to compel will be held in abeyance until after any supplementation of the administrative record is complete.

Accordingly, we will grant respondent's motion to remand this case to the Whistleblower Office for additional investigation and a supplemental determination. We will order the parties to file a joint status report proposing a mutually agreeable timetable for future administrative proceedings.

To reflect the foregoing,

An appropriate order will be issued.

Reviewed by the Court.

FOLEY, GALE, MARVEL, GUSTAFSON, MORRISON, KERRIGAN, BUCH, LAUBER, NEGA, PUGH, ASHFORD, and URDA, JJ., agree with this opinion of the Court.